Case: 10-2356    Document: 00116164873    Page: 1    Date Filed: 01/31/2011    Entry ID: 5522690

UNITED STATES COURT OF APPEALS
For The First Circuit

No. 10-2356

2011 JAN 31 P 12:53

FILED IN CLERKS OFFICE
US COURT OF APPEALS
FOR THE FIRST CIRCUIT

JOSEPH P. SCHMITT
Plaintiff-Appellant

v.

CARLIN SEWARD
Defendant-Appellee

ROBERT MURPHY, Superintendent; BERNARD BRADY;
DAVID BROUILLETTE; WALTER BENJAMIN

Defendants

APPELLANT'S BRIEF

A.   ISSUE OF APPEAL:

1. District    Court's  July  28,  2010  Default  Judgment   against
defendant-appelle  Carlin Seward  in C.A. No. 09-cv-10816-RWz  (D.Mass).

B.   SPECIFIC ISSUES BEING APPEALED:

2. District Court's denial to grant damages under section 1983.

3. District Court's analysis that loss of  wages cannot  be reduced to a
sum certain, susceptible to mathematical calculation.

4. District  Court's  statements  regarding theft  of food - damages.

5. District Court's statements regarding threats - damages.

PLAINTIFF'S - APPELLANT'S DISCUSSION  REGARDING SPECIFIC  ISSUES  BEING
APPEALED:

6. (District  Court's  denial  to grant damages  under section  1983).
   In this matter Seward was  in fact  acting as an "informant" for the
defendants. An individual who is an informant for  a state actor  may be
sued  under  section  1983. Defendant - Appellee Seward has provided the
defendants  information  regarding  inmates/residents  of  the  Treatment
Center on prior  occasions. This fact would have and could have  came  to
light if Seward  did  not  refuse  to answer numerous discovery motions, if
the defendants answered numerous discovery  motions, and  if the District
Court  granted plaintiff's "Motion For  Court  To  Depose Department  Of
Correction  Officials Via  Phone  Conference  So  As  To  Obtain Facts
Regarding Certain Unclear Matters."

7. (District Court's analysis that loss of wages cannot  be reduced to a
sum certain, susceptible to mathematical calculation).
   Plaintiff - Appellant was  placed into  segregation  on December 11,
2008 because of  false allegations  of threats by defendant - appellee
Seward. Since  that  time, plaintiff has been without his kitchen job. As
such as sum certain can be made.

8. (District Court's statement  regarding  theft of food - damages).
   Here the District Court, erred on numerous matters.
   The District Court is basing its' decision on heresay evidence which
plaintiff  - appellant disputes  by  virtue  of  the  civil  action
itself. Plaintiff never admitted to  stealing food  for  the purpose of
selling  it to Seward. This fact is clearly stated in the complaint.
   A review of Observation  of Behavior Report #08-707 clearly shows
that plaintiff was charged with lying. This charge was allegedly because
plaintiff  - appellant admitted  to  selling  food  to  Seward. This
allegation is highly disputed, and the very  fact  that a signed affidavit
from Seward was introduced to defendant Brouillette on December 11, 2008
which was never presented to  the District Court because  the defendants

refused to provide such discovery. Furthermore, Seward admitted that he made false allegations against plaintiff - appellee by signing the "Stipulation of Settlement" filed in C.A. 2009-10816-RWZ.

Once again, if plaintiff was allowed to have his discovery answered, he would have been able to prove his claims. The District Court refused to compel Seward and or the Department of Correction defendants to provide answers to the discovery motions served upon said defendants.

The allegations made in OBR #08-707 regarding plaintiff having numerous condiments and cooking supplies in his footlocker. All of those items were and still are items that can be purchased from the prison canteen.

The District Court assumes that plaintiff's - appellant's alleged confession that he stole food items for himself bears any weight in him being placed in segregation and eventually fire from his kitchen job. Again, if discovery was granted, if the court compeled the defendants, if the court deposed the defendants via phone conference as requested, such basic facts would have been exposed and plaintiff - appellant would have been able to receive justice in this matter. OBR #08-706 clearly shows that plaintiff was placed in segregation based on allegations made by Seward that plaintiff somehome threatened him.

A review of OBR #08-706 further shows that plaintiff denied any wrong doing, however in OBR # 08-707 it is alleged, by the very same defendant, that plaintiff admitted to wrong doings alleged in this matter. The reality is very simple. Plaintiff denied any and all wrong doing as alleged by Seward. Plaintiff did not steal food for the purpose of selling any to Seward. This is what that OBR's are based on, not on the fact that plaintiff openly admitted that he sometimes took out a hamburger or two when he was hungry and didn't have a chance to eat while at work. That is not why plaintiff was placed in segregation and/or fired from his kitchen job.


9.   (District Court's Statements regarding threats - damages).


Again, had the District Court compelled the defendants to answer the discovery motions, facts would have been easily proven. The District Court deprived plaintiff a fair opportunity to prove his claims and used this shortcoming against him to deprive him fair and reasonable damage award.

The District Court errs by assuming that their is no direct evidence linking plaintiff's termination of his kitchen job has anything to do with his admittance to taking a burger or two out of work for self consumption. Both OBR's clearly indicate that plaintiff is accused of stealing food for the purpose o selling it to Seward, and for threatening Seward.

The facts are very simple. If Seward had not made false allegations from the very start, plaintiff would not have been subjected to an investigation or placed in segregation on December 11, 2008 which resulte in the termination of plaintiff's kitchen job.

Discovery and/or deposition by the Court as requested by plaintiff would have shown, beyond doubt that even if plaintiff had been caught taking bugers out of the kitchen for his own consumption, this would not and could not result in the termination of his job, but rather, at the

very worse, a determined period of time suspended from the job, perhaps three days. This was and still is the policy practiced. A civil resident cannot be fired from the kitchen for stealing food. Furthermore, it is often a fact that the kitchen officer/Head Cook, will allow a kitch worker to take such small items out of the kitchen for their own consumption, under the understanding that if the worker gets caught he will accept responsibility for the theft and will not indicate that permission was in fact granted by the kitchen officer/Head Cook. In this case plaintiff always had the permission from the kitchen officer/Head Cook to take something out for personal consumption. The District Court deprived plaintiff from establishing this fact, and made a judgment based on erroneous facts.

The award of $87.00 for damages to plaintiff's reputation is repulsive and a complete injustice. Regardless of the fact that plaintiff is a sex offender, his reputation was damaged by the label of being a thief and liar.

Plaintiff has not been able to acquire another kitchen job, or other quality job in this facility since these false allegations have been made against him by Seward.

The fact that such matters are relied upon in SDP trial can and will affect plaintifff - appellant in the face of a jury as lying and stealing can be viewed as deviant maladaptive behaviors, which have the potential to lead plaintiff into bigger deviant and maladaptive behaviors, such as another sex offense. This is the real damages created by the false allegations of Seward.

As for the $103.00 granted for damages from emotional distress, this again is repulsive and unjustified. Plaintiff suffered emotional distress from being falsely accused by Seward, and as a result being placed in segregation for upwards of thirty days, and then being fired from his kitchen job and getting the unjustified label of being a thief and liar. Plaintiff is entitled to damages for the suffering he endured by being placed in segregation.

The Court states that I have not demonstrated to a reasonable certainty that the loss of my kitchen job was a result of Sewards allegations of threats. This is not true. If Seward did not lie in the first place that plaintiff was threatening him and extorting him for money and selling alleged stolen food items to him, no investigation would have been initiated in this matter and therefore, no segregation would have happened on December 11, 2008 and no loss of kitchen job would have happened because of or related to Seward.

Seward has caused a great deal of long lasting damages to plaintiff and the District Court has turned a blind and/or deliberately blind eye to this offensive action against plaintiff.


10. Stipulation of Settlement.
Defendant - Appellee Seward signed a stipulation of settlement on January 11, 2010. In this stipulation of settlement, Seward aggreed to pay plaintiff $835.00.

However, the District Court granted the offensive amount of damage of only $190.00. This is completely unjust.


11. Remedy Requested.

Plaintiff - Appellant respectfully moves the Appellate Court for the following remedies in this action:

A: Vacate the District Court's July 28, 2010 ORDER.
B: Remand this case back to the District Court with an order that said court compel defendant - appellee Seward to answer the discovery motions filed against him.
C: Allow this case to go before a bench or jury trial without undo delay so plaintiff - appellant may obtain true and deserving justice in this matter.
D: If the above requested remedy is not available, plaintiff - appellant then requests that this Honorable Court, issue an ORDER vacating the lower courts July 28, 2011 ORDER and ORDER Seward to pay the $835.00 in which he signed the Stipulation of Settlement for on January 11, 2010 as documented in the case file.


Respectfully filed,

Joseph P. Schmitt, pro se
Plaintiff - Appellant
30 Administration Road
Bridgewater, Massachusetts
02324-3230


CERTIFICATE OF SERVICE
I hereby certfify that a copy of the above was served upon Carlin Seward via 1st Class Mail on January 24, 2011

Joseph P. Schmitt, pro se
Plaintiff - Appellant

**ADDENDUM**

1.....ORDER – JULY 28, 2010   CIVIL ACTION NO. 09-10816-RWZ.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-10816-RWZ

JOSEPH P. SCHMITT

v.

CARLIN SEWARD, *et al.*

ORDER

July 28, 2010

ZOBEL, D.J.

Plaintiff Joseph Schmitt, a person civilly committed to the Massachusetts
Treatment Center ("MTC"), brought this lawsuit against Carlin Seward, another person
civilly committed to MTC, for defamation of character and violation of plaintiff's
constitutional rights under 42 U.S.C. § 1983.[1] He also sued several employees of the
Department of Corrections ("DOC") whom he later voluntarily dismissed from the action.

Seward did not respond to the complaint and, on plaintiff's motion, the court
entered a notice of default. (Docket # 31.) Schmitt and Seward thereafter entered into
a financial settlement and the complaint was dismissed without prejudice on March 5,
2010. The settlement did not hold. On March 10, Schmitt moved for a court order
compelling Seward to comply with the settlement terms and, on March 20, a court order
that the DOC freeze Seward's prison financial account. Schmitt ultimately filed a "status
report" on April 2 which the court treated and allowed as a Rule 60 motion for relief from

---

[1]Because Seward is not a state actor, the complaint fails to state a claim and
Schmitt cannot recover damages under § 1983.



the earlier dismissal and a request for a default judgment and assessment of damages. (Docket # 67.)

Schmitt alleges that Seward falsely accused him of both selling food stolen from the kitchen and making threats of physical violence to compel Seward to sign an affidavit denying the theft allegations. A DOC investigation resulted in two Observation of Behavior Reports ("OBR"s), one related to the kitchen thefts and the other to the threats. (Docket # 1 Ex. A (threats), Ex. B (thefts).) Plaintiff pled guilty to the charges contained in the reports and received identical sanctions which included fifteen days suspension from his kitchen job. He never served the suspensions because he was, instead, fired.

## I.    Analysis

The facts in the complaint, which are deemed admitted for the purpose of establishing liability, Remexcel Managerial Consultants, Inc. v. Arlequin, 583 F.3d 45, 52 (1st Cir. 2009), establish the four elements of a defamation claim: (1) Seward told prison officials that Schmitt sold him stolen kitchen items and made threats; (2) the statements could damage Schmitt's reputation in his prison community; (3) Seward knew the statements were false; and (4) the statements, because they concern alleged criminal conduct, are actionable without economic loss. Ravnikar v. Bogojavlensky, 782 N.E.2d 508, 510-11 (Mass. 2003).

Schmitt seeks actual damages for harm to his reputation, emotional distress, and loss of wages from his kitchen job.[2] These cannot be reduced to a sum certain, susceptible to mathematical calculation. Accordingly, the court directed Schmitt to produce a statement with supporting documentation detailing his damages and held a damages assessment hearing by telephone. See KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 19-20 (1st Cir. 2003). His evidence must prove the amount of damages to a reasonable certainty. Credit Lyonnais Sec. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999); see generally Allens Mfg. Co. v. Napco, Inc., 3 F.3d 502, 505 (1st Cir. 1993) (stating general principle that damages must be proven to a reasonable certainty).

### A.    Statements Regarding Theft of Food - Damages

The record contains little evidence of what, exactly, Seward told prison officials about the food thefts, but it is apparent that he told them that he had purchased stolen kitchen food from Schmitt. It is not clear what portion of Seward's communication was false: Schmitt confessed to Lt. Brouillette, a staff member at MTC, that he had sold food to Seward and was still awaiting full payment (OBR, Docket # 1 Ex. B), he admits in the complaint that he stole food items for his own use (Compl. ¶ 13, Docket # 1), he told the court in the damages hearing that he stole food for his own use, and prison officials

---

[2]Schmitt also requests damages for harm to his institutional record and punitive damages. The harm to his record is more properly characterized as harm to his reputation, as the damage flows from third parties' evaluation of his character after they review the OBR reports. Punitive damages are not available in a defamation action. Ravnikar, 782 N.E.2d at 511 n.4.

discovered stolen kitchen items in his cell (Compl. ¶ 16; OBR, Docket # 1 Ex. B). Given that Schmitt admits to stealing and selling food from the kitchen, he has failed to demonstrate to a reasonable certainty that it was, instead, Seward's allegation of theft and sales that caused the harm to reputation, emotional distress, and loss of his kitchen job.[3]

## B.    Statements Regarding Threats - Damages

There is similarly little evidence as to what Seward told prison officials about threats from Schmitt. The OBR accuses Schmitt of making verbal threats to Seward in order to persuade him to write an affidavit exonerating Schmitt of the thefts. Schmitt explained, at the hearing, how this allegation and the resulting OBR could harm his reputation in the eyes of the judge or jury evaluating his status as a Sexually Dangerous Person ("SDP"). While his reputation is already compromised by, at a minimum, his status as an SDP and his admitted kitchen thefts, his reputation before a judge or a jury and in the community generally could be further harmed, albeit to modest extent, by this allegation of physical threats. The court finds that Schmitt suffered $87.00 in damages to his reputation.

Schmitt also explained at the hearing that he suffered emotional distress from the stress of responding to Seward's allegations of threats and the ultimately unfavorable OBR. The court finds Schmitt's statements credible, to a degree, but also

_____

[3]The court does not reach this conclusion in reliance on Schmitt's guilty plea to the disciplinary charge. Under Massachusetts law a guilty plea is not conclusive as to the underlying facts in a civil action. Aetna Cas. & Sur. Co. v. Niziolek, 481 N.E.2d 1356, 1363-63 (Mass. 1985). Further, Schmitt states in his complaint that he was innocent of the OBR conduct but pled guilty to get out of the segregation unit.

notes that his distress from the theft allegations was intertwined with the disciplinary proceeding related to his admitted kitchen thefts. The court finds that Schmitt suffered $103.00 in damages from emotional distress attributable to Seward.

Schmitt lost his job in the kitchen after pleading guilty to both sets of OBR offenses. The record is devoid of direct evidence linking his termination with either the OBR for threatening Seward or the OBR for selling food. The official sanction for each OBR included a 15-day suspension from the kitchen job but not termination. The court cannot assume that the OBR for threatening Seward resulted in the termination, particularly when the other OBR, for stealing from the kitchen, is directly related to the kitchen job. Schmitt has not demonstrated to a reasonable certainty that the loss of his kitchen job was the result of Seward's allegation of threats.

## II.    Conclusion

Plaintiff is awarded damages against defendant Seward in the total amount of $190.00.

Plaintiff's motion for clarification (Docket # 68) and motion for the court to rule (Docket # 70) are DENIED AS MOOT. Plaintiff's motion to submit an additional statement concerning damages (Docket # 71) is ALLOWED.

July 28, 2010
_____
DATE

_____
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


JOSEPH P. SCHMITT

                    Plaintiff

                                                    CIVIL ACTION

        V.
                                        NO. 09cv10816-RWZ

CARLIN SEWARD

                    Defendants


DEFAULT JUDGMENT


ZOBEL, D. J.

In accordance with the ORDER entered on 7/28/10; Judgment by default is entered against defendant Carlin Seward in the amount of $190.00.


                                        By the Court,


   7/28/10                                 s/ Lisa A. Urso
   Date                                    Deputy Clerk

RELEVANT DOCUMENTS FOR APPEAL ISSUE

1.  STIPULATION OF SETTLEMENT

2.  PRO SE PLAINTIFF'S STATEMENT OF DAMAGES PURSUANT TO THE COURT'S ORDER DATED APRIL 27, 2010

3.  REQUEST FOR ADMISSIONS (TO CARLIN SEWARD) DATED MAY 27, 2009

4.  PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS CARLIN SEWARD, DATED JUNE 29, 2009

5.  MOTION FOR RECONSIDERATION OF COURT'S ORDER DATED JULY 28, 2010, JULY 30, 2010

6.  MOTION TO AMEND MOTION FOR RECONSIDERATION, DATED AUGUST 2, 2010

7.  MOTION FOR COURT TO DEPOSE DEPARTMENT OF CORRECTION OFFICIALS VIA PHONE CONFERENCE SO AS TO OBTAIN FACTS REGARDING CERTAIN UNCLEAR MATTERS

UNITED STATES DISTRICT COURT
District of Massachusetts

Civil Docket No
2009-10816 RWZ

Joseph P. Schmitt, pro se
Plaintiff,

vs

Carlin Seward, ET AL
Defendants



## STIPULATION OF SETTLEMENT

Now comes the pro se plaintiff, Joseph P. Schmitt, and pro se defendant, Carlin Seward and stipulate to the following terms of settlement.

1. Defendant Carlin Seward hereby stipulates to all claims in complaint, specifically paragraphs 1 through 35.

2. Defendant Carlin Seward agrees to pay the pro se plaintiff a total of $835.00 plus $3.00 transaction costs.

3. Defendant Carlin Seward agrees to make three monthly payments of $275.00 (February 2010), $275.00 (March 2010) and $252.00 (April 2010).

4. Defendant Carlin Seward shall make agreed upon settlement payments directly to the pro se plaintiff, via inmate account

1 of 4

5. Defendant Carlin Seward, by signing below, hereby enters into the above stipulation of settlement and states he is doing so of his own free will and has not been threatened or otherwise forced into the stated settlement terms by pro se plaintiff or anyone else.

Dated: January 11, 2010

Respectfully filed,

Joseph P. Schmitt, pro se
Plaintiff
30 Administration Road
Bridgewater, Ma. 02324-3230

Carlin Seward, pro se
Defendant
30 Administration Road
Bridgewater, Ma. 02324-3230

2 of 4

## Itemization of Settlement

1. $390.00    One year loss of pay/job.

2. $245.00    Punitive Damages

3. $200.00    Pro se Attorney fees

4. $3.00      D.O.C. Inmate Account Transaction Fees

$ 838.00      Total Damages

3 of 4

## Certificate of Service

I, Joseph P. Schmitt, pro se plaintiff, hereby certify that a true copy of the above document has been served upon pro se defendant Carlin Seward via In Hand Service on or about January 11, 2010 and upon DOC. Defendants counsel of record, Brendan J Frigault via Intra-facility mail on or about January 12, 2010

Joseph P. Schmitt, pro se
Plaintiff
30 Administration Road
Bridgewater, MA 02324-3230

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 09-10816-RWZ


JOSEPH P. SCHMITT

v.

CARLIN SEWARD


PRO SE PLAINTIFF'S STATEMENT OF DAMAGES
PURSUANT TO THE COURT'S ORDER DATED APRIL 27, 2010


1.    **Defamation of Charactor:** This is the first element of damages I seek compensation for. Because of the false statements of the defendant, Carlin Seward, I have suffered a huge blow to my charactor. I have been unabe to secure a job back in the kitchen because of the label of being a theif, based on Seward's lies to staff members. I seek $2,500.00 in damages for this element of damages, more if the Court deems it just and proper.


2.    **Emotional Distress:** This is the second element of damages I seek compensation for. Because of the lies made to DOC officials by the defendant, Carlin Seward, I was suffered with isolation in the segregation unit. (The specific amount of time forced in seg unit is unrecalled at this time, but I believe it was approximately ten days). Since this incident surfaced, I have suffered major migrain headaches from the stress I have been subjected to while fighting this matter legally and within the DOC at the Treatment Center. Having to be viewed as an untrustworthy person based on the lies uttered by the defendant has caused me great stress as I very much value my image as viewed by others, especially officials who in the end have the power to help me regain my freedom and release from this facility. I seek damages in the amount of $3,500.00.


3.    **Loss of Potential Wages:** My position as a sanitation worker in the inmate dining room/kitchen had the high potential of rapid advancement. I would have and could have advanced to the position of Diet Cook, Line Back up or other positions paying $14.00 per week. Being a hard worker, and being well liked and respected by the Cooks, (DOC Officials who run the Inmate Kitchen), I was assured a lasting place in the kitchen, until defendant Carlin Seward made his false statements to protect himself from being punished for having been caught with stolen food items from the inmate kitchen. I seek damages in the amount of $7,280.00 for this element.

Positions such as described are often maintained for lengthy periods of time by residents. I estimated a period of ten years as I very realistically do not believe I will be released from my present SDP status under MGL C. 123A for at least this period of time, and this would come to or approximately come to wages lost in the amount of $7,280.00 at $14.00 per week, and/or half this amount if I were to stay in the $7.50 per week pay slot.

4.    **Permanate Damage To My Institutional Records:** This is the fourth element of the damages I seek compensation for. Because of defendant Carlin Seward's lies I have suffered two OBRs entered into my permanate records, which can and most likely shall be used against me in all or any of my MGL sec 9 SDP Trials. As stated and attested to by the pro se defendant in the filed Stipulation of Settlement I did not steal anything nor did I sell anything to the defendant. I received two OBRs in this unjust matter. I am seeking compensation in the amount of $3,000.00 for both OBRs received based on the lies made by the Defendant in this case.

5.    **Punitive Damages:** This is the fifth and final element of damages I am seeking compensation for. The defendant, Carlin Seward has created a very bad situation for me. I am suffered with the loss of job, the loss of respect and trust from those who are in authority at the Treatment Center. The Defendant has engaged in such foul behaviors and actions against me from the very start (at least from November 2008) to the present as he continues to go to the IPS Lt. and former defendant, David Brouillette and state false allegations against me, which in turn subjects me to the continued harassment of David Brouillette as documented in this action and DOC records such as grievances. Defendant Carlin Seward has complete understanding of his damaging actions and comments against the plaintiff yet he continues to suffer the plaintiff. Defendant Seward has gone to the extent to engage in settlement negotiations and has even signed such documents as the filed Stipulation of Settlement only to fail to comply to the agreed upon terms, which only suffers the plaintiff more. I seek damages of $15,000.00 for this element.

Pro se plaintiff seeks a total of $32,280.00 in combined damages.

The above is stated under pains and penalties of perjury and are the truth and are accurate to the best of my memory and beliefs. Signed and sworn to on this 5th day of May in the Lords Year of 2010

Joseph P. Schmitt, pro se
Plaintiff
30 Administration Road
Bridgewater, MA. 02324-3230

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above documents were served upon the pro se defendant Carlin Seward via First Class U.S. Mail on or about May 6, 2010

Joseph P. Schmitt, pro se
Plaintiff
30 Administration Road
Bridgewater, MA. 02324

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Case No. 2009-10816-RWZ

JOSEPH P. SCHMITT, pro se.,
Plaintiff

v.

CARLIN SEWARD, ET AL.,
Defendants.

REQUEST FOR ADMISSIONS

Pursuant to Rule 36, Fed.R.Civ.Proc., Plaintiff requests that defendant, Carlin Seward make the following admissions within 30 days of service of this request.

1.   You made allegations to one or more Inner Parimeter Security regarding plaintiff allegedly stealing food items from the inmate kitchen. State who you spoke to and what was stated.

2.   You made allegations to one or more Inner Parimeter Security regarding funds paid to plaintiff by you. State who you spoke to and what was stated.

3.   You were investigated by Inner Parimeter Security regarding allegations that you were sending funds out of the facility to pay other civil residents at the Treatment Center. State specifically who these residents are and what you exposed to Inner Parimeter Security.

4.   You authored and signed a statement that you were not buying stolen kitchen food items from plaintiff, but was in fact sending funds out to Roy Moore to open a bank account.

5.   On or about December 11, 2008 you approached plaintiff during the lunch period and informed said plaintiff that David Brouillette instructed you to produce a list of everything you allegedly paid said plaintiff to steal from the kitchen.

6.   Inner Parimeter Security threatened to place you in segregation if you failed to cooperate with them.

7.   Plaintiff has never physically assaulted you.

8.   Plaintiff asked you in front of others if you made any sort of allegation to the Inner Parimeter Security regarding him allegedly

stealing food from the kitchen and or paying him money in any fashion and you repeatedly insisted that you made no such allegations about plaintiff.

9.   You have made allegations against other civil residents to the Inner Parimeter Security and or any DOC officials within the past five years.

10.   You have engaged in activities that are in direct violation of the rules and regulations that govern the Treatment Center during the past five years.

11.   You have deliberately informed (snitched) on other residents to save yourself from getting into serious trouble during the past five years.

12.   Between November 1,2008 and December 15,2008 your housing cell was searched by one or more Inner Parimeter Security and items from the kitchen were found in your possession. Identify these items and what resulted from said searches, ie., issuance of OBR or items were confiscated.

13.   You informed Inner Parimeter Security that you were sending specific amounts of funds to an outside source to pay Joseph Moore to rent his computer to play games on it.

14.   You informed Inner Parimeter Security that you allegedly mailed $200.00 to Roy Moore to pay plaintiff an alleged debt you owe him.

15.   You made a verbal agreement to pay plaintiff specific funds for food items received from plaintiff.

16.   You were informed by Inner Parimeter Security that you would have to send out the $200.00 money order plaintiff received from Roy Moore and/or Gail Brown.

17.   Your actions of informing Inner Parimeter Security that plaintiff allegedly stole food from the kitchen caused plaintiff to be removed from his kitchen job.

18.   When Inner Parimeter ecurity and/or other DOC officials pressure you for answers you have on more than one occassion exposed allegations against other residents in an attempt to earn a less severe punishment.

19.   You have purchased stolen food items obtained from the inmate kitchen by other kitchen workers within a six month period from the date of December 11,2008.

20.   You have deliberately violated the rules and regulations of the Treatment Center during the past five years.

Dated; May 27, 2009

Respectfully filed,

Joseph P. Schmitt, pro se
Plaintiff
30 Administration Road
Bridgewater, Ma. 02324-3230

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above motion was served upon defendant Carlin Seward and DOC defendants legal division at the Treatment Center via US Mail and/or inner facility mail on or about May 28, 2009

Joseph P. Schmitt, pro se
Plaintiff

UNITED STATES DISTRICT COURT
District Of Massachusetts


CIVIL DOCKET NO. 2009-10816-RWZ


JOSEPH P. SCHMITT, pro se.,
Plaintiff,

-vs-

CARLIN SEWARD, et al.,
Defendants.


PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT
CARLIN SEWARD


Pursuant to the provisions of Rule 33 of the Fed.R.Civ.P., pro se plaintiff, Joseph P. Schmitt, requests the defendant, Carlin Seward, answer the following interrogatories, in writing, and under oath, in accordance with the requirements of the Fed.R.Civ.P..


INTERROGATORIES

Interrogatory No. 1.
Identify each person responding to these interrogatories as well as each person who was consulted, or who provided information for the responses.

Interrogatory No. 2.
Please state the name, current address or location of each person who was a witness to or has any knowledge of any occurrence, fact, circumstance or discoverable matter upon which the claims of this action and/or your defense to said claims are founded, specifying to what occurrence, event, fact, circumstance or discoverable matter each person was a witness or has knowledge.

Interrogatory No. 3.
Identify and describe in detail any and all communications between you and any person, including, without limitation, pro se plaintiff Joseph P. Schmitt, Paul Hutchins, David Brouillette, Richard Colon, Steven Lebreux, any other current orformer D.O.C. employee, any current or former F.H.S. employee, any current or former UMASS employee, any former or current Treatment Center resident, temp commit, or inmate, or any other person concerning the facts or allegations in the above entitled civil action in which you are a named defendant.

Interrogatory No. 4.
Identify and describe in detail any and all items found in your assigned living quarters, on your person, or within your personal property by any DOC

employee which did or may have originated from either the staff kitchen or the inmate kitchen between the time period of      January 1,2004 to January 1,2009.

Interrogatory No. 5.
     Identify and describe in detail any and all OBRs issued against you that in any way at all involve stolen or controband staff kitchen or inmate kitchen food items during the period of time of January 1,1999 to January 1,2009.

Interrogatory No. 6.
     Identify any and all current or former Treatment Center resident, temp commit, or inmate in which you knowingly received food items from either the staff kitchen or the inmate kitchen in violation of the rules and regulations established at the Treatment Center for the period of time from January 1,1989 to January 1,2009.

Interrogatory No. 7.
     Identify any and all current or former Treatment Center resident, temp commit, or inmate in which you authorized funds from your Department of Correction Inmate financial accounts to be mailed out to anyone known to such individual for the purpose of having said funds sent back to the individual at the Treatment Center. Describe in detail the amount sent out by you and the specific reason for said funds to be mailed out.

Interrogatory No. 8.
     Identify and describe your relationship with civil resident Joseph Moore, Jerry Tobin, Earnest Macloon, Robert Sedach, Calvin Holly, Ray Edwards and Steven Reed, specifically but not exclusively, describe any and all instances in which you either sent funds out of the Treatment Center for them or purchased and gave them canteen items as payment for any reason.

Interrogatory No. 9.
     On more than one occassion you informed the pro se plaintiff that you did not tell the IPS that he sold you any stolen food items from the inmate kitchen. Did you lie to pro se plaintiff about this, and did you lie in front of other civilly committed residents at the Treatment Center about this subject.

Interrogatory No. 10.
     During the time period from January 1,1999 to January 1,2009 have you deliberately spoken a lie, false allegation, untrue comment, white lie to anyone.

Interrogatory No. 11.
     Have you ever spoken to pro se plaintiff regarding Roy Moore opening a bank account for you. Describe the conversation(s).


Dated: June 29,2009


                              Respectfully submitted,

                              Joseph P. Schmitt, pro se
                              Plaintiff
                              30 Administration Road
                              Bridgewater, MA. 02324-3230

CERTIFICATE OF SERVICE

I, Joseph P. Schmitt, the pro se plaintiff in the above entitled action hereby certify that a true copy of the above was served upon Carlin Seward via IN-HAND or Institutional Mail or 1st Class U.S. Mail on or about July 1, 2009

Joseph P. Schmitt, pro se
Plaintiff

UNITED STATES DISTRICT COURT
District of Massachusetts

CIVIL ACTION NO. 09-10816-RWZ

JOSEPH P. SCHMITT

v.

CARLIN SEWARD, et al.

MOTION FOR RECONSIDERATION OF COURT'S ORDER DATED JULY 28, 2010

Now comes the pro se plaintiff, Joseph P. Schmitt, and respectfully moves this Honorable Court to reconsider it's order dated July 28, 2010 for the reasons stated hereafter.

1.  The Court did not allow any damages under §1983 because Seward is not a state actor. However, in this case, Seward did in fact act as an informant and did in fact provide information, albeit false information, to IPS Commander David Brouillette. Such information was then utilized to create an OBR against the pro se plaintiff. See Docket Exhibit "B". Seward was in fact under the protection of the Department of Correction in his official role as a "reliable informant."

2.  The Court errs in its allegation of fact that pro se plaintiff, Joseph Schmitt, confessed to Lueitenant Brouiliette that he had sold food to Seward (OBR, Docket #1 Exhibit B). OBR, Docket #1 Exhibit "B" is in fact a written document by a third party, not a factual document or any sort of legal affidavit made by the pro se plaintiff, Joseph Schmitt. The very document the Court relies upon to allege that plaintiff confessed does in fact have contrary statements regarding the plaintiff's alleged confession to any guilt. On November 11, 2008 plaintiff is reported to have denied any guilt, but just over a month later on December 17, 2008 plaintiff suddenly confesses to the very same person he has denied any and all such allegations to. See OBR # 08-707 Docket #1 Exhibit B.

3.  Plaintiff does not and has never denied the fact that he has taken food for his own personal consumption, specifically a burger or two when he was hungry at night. However, the Court is not free to use this in its decision making for default judgment. There is no official OBR alleging any wrong doing by pro se plaintiff regarding him taking food for his own personal use. The fact of the matter is very clearly that Seward has accused the pro se plaintiff of selling him stolen food from the inmate kitchen.

4.  The Court alleges that pro se plaintiff stated that prison officials discovered stolen kitchen items in his cell. Again this case does not have any bearing on whether or not prison officials found anything in pro se plaintiff's cell. The OBR solely rests on the fact that defendant Seward claimed that pro se plaintiff stole and sold food from the inmate kitchen to him. The Court claims in its Order that pro se plaintiff has failed to demonstrate to a reasonable certainty that it was Seward's allegations of theft and sales that caused the harm to reputation, emotional distress, and loss of his kitchen job. Contrary to this unfounded assumption, the evidence before the Court for which this case is based, clearly shows that the allegations made are in fact that stolen food was

sold to Seward by pro se plaintiff. Nowhere does the formal OBR claim any charges that have anything to do with plaintiff having alleged stolen kitchen items in his cell. See OBR 08-707 at the top of the page it clearly indicates "Behavior Observed." In this multi-lined paragraph it clearly states as one of the observed behaviors, "Conducting an unauthorized business."

5. The records clearly indicate that pro se plaintiff was fired from his job by Lt. Brouillette on or about January 23, 2009. See Motion of Defendants Robert Murphy, David Brouillette and Walter Benjamin to Dismiss Complaint, and Memorandum in Support of Motion to Dismiss, submitted to this Court on or about September 16, 2009 by Attorney Bradley A Sultan. (Copy attached for convenience of the Court).

6. It is very clear as to the reason pro se plaintiff was fired from his kitchen job. See DOC Defendants motion to dismiss and supporting memorandum.

7. The Court did not even consider the damages caused by the fact that Seward accused pro se plaintiff of stealing food and selling it to him.

8. With regards to the award of $87.00 for damages regarding alleged threats to Seward. The Court has failed to give proper and just weight to the fact that this erroneous based OBR will be utilized against the pro se plaintiff very strongly, and has already in Annual Treatment Reviews, Community Access Board Hearings and Section nine SDP Trials.

9. The Court does not give proper weight to the damages caused by the malicious lies uttered by Seward against the pro se plaintiff. It appears that simply because the pro se plaintiff is a convicted sex offender this somehow negates his ability to be suffered by the malicious lies which resulted in his unemployment and the way he is being viewed by those who run the Treatment Center. Plaintiff has never had any problems getting hired on any job he sought, now that has changed. Not because he admittingly took a burger now and then but because Seward has accused him of stealing upwards of $500.00 worth of kitchen food items. Plaintiff's Emotional Distress, contrary to the Court's belief, is very much based on Sewards false allegations which resulted in the OBR 08-707. Docket #1 Exhibit "B." And as stated previously, no charges or sanctions were ever lodged against pro se plaintiff for his admitted petty theft of personally consumed food, ie. burgers. In fact the records clearly indicate that this revelation came to light well after Seward made his malicious lies known to the prison authorities.

10. The litigants agreed to settle this case for the sum of $835.00 but Seward had a change of heart and forced pro se plaintiff to seek the Court's interjection. At the phone conference Seward eeven made the settlement offer of $450.00. However, and as much as Seward displayed a clear and consistant acceptance of wrong doing the Court has reduced such settlement agreements and/or offers to a mere $190.00, which at face value is a mockery of justice in the face of the real facts before the Court.

11. If given the oportunity, plaintiff can very easily obtain facts as to why he was fired from his job from David Brouillette, Walter Benjamin or any number of DOC Employees present at the Treatment Center. This would ensure that honest and fair justice is served, not the mockery that is presently in place because all facts are not seen and/or presented.

12. Plaintiff can and will further obtain sworn affidavid from Roy Moore and Gail Brown who plaintiff is accused of having somehow involved in the transfer of money acording to OBR #08-707.

WHEREFORE, pro se plaintiff respectfully moves that this Court reconsider its ORDER regarding damages of $190.00 to be awarded to said plaintiff.

IN THE ALTERNATIVE, pro se plaintiff, Joseph P. Schmitt, hereby gives notice to the Court that he is appealing the Court's Order and requests the Court order its clerk to assemble the record and take all steps necessary and lawfully required in an appeal.

Respectfully filed,

Joseph P. Schmitt, pro se
Plaintiff
30 Administration Road
Bridgewater, Massachusetts
02324-3230

CERTIFICATE OF SERVICE

Plaintiff states that a true copy of the above has been served upon defaulted defendant Carlin Seward on or about July 30, 2010 via institutional mail and/or IN HAND.

ADDENDUM

13. The court failed to compensate pro se plaintiff for time he was forced to serve in segregation due to Seward's allegation of threats. See complaint paragraph 21, 25. Plaintiff spent just over a month in segregation based on false allegations made by Seward. Plaintiff is entitled to compensation for the harm caused from Seward's malicious actions.

Joseph P. Schmitt, pro se Plaintiff.

UNITED STATES DISTRICT COURT
District of Massachusetts


CIVIL ACTION NO. 2009-10816-RWZ

JOSEPH P. SCHMITT, pro se.,
PLAINTIFF,


v.


CARLIN SEWARD, ET AL,
Defendant.


MOTION TO AMEND MOTION FOR RECONSIDERATION

Now comes the pro se plaintiff and moves this Honorable Court to amend his recently filed motion for reconderation regarding this Courts Order dated July 28, 2010.

Plaintiff moves to amend his motion for reconderatin by adding the following facts, noted hereafter.

1. Plaintiff submitted discovery motions to Seward on numerous occasions and such motions were not answered which denied pro se plaintiff the ability to prove certain facts this Court has used against plaintiff to deny a meaningful and proper award for damages. If Seward would have responded to the discovery motions plaintiff would have established facts that relate to why he lost his job, what Seward specifically informed the IPS and much much more.

2. If Seward would have responded to the discovery motions plaintiff could have and would have continued litigation which would enable him to gather certain facts and discovery from D.O.C. officials that support plaintiff's claim that if not for Sewards bold faced lies plaintiff would not have been investigated and fired from his kitchen job, and as a result he would not have suffered upwards of thirty days in segregation based on and or stemming from Seward's lies that plaintiff threatened him.

3. The fact that plaintiff was placed in segregation based on allegations made by Seward are in the records before the Court but this Court erred by giving this fact no weight in awarding damages. The Court clearly admits that Seward's allegations that plaintiff threatened him are a fabrication and as such the time suffered in segregation, especially during the Christmas Holiday, were not properly assessed by the Court and should be amended.

Plaintiff respectfully moves the Court to reconsider its Order of July 28, 2010 and reassess damages caused by Seward's lies and in doing such award plaintiff damages that better fit the damages Seward has caused to plaintiff's charactor within the Treatment Center, how it will have an ever lasting effect upon plaintiff based on the two OBRs issued against plaintiff where they never would have been issued if not for the bold faced lies of Seward. The mental duress and stress of this long lasting matter is by far more damaging than this Court has assessed and compensated plaintiff over with a default judgment of just $190.00. The defendant himself has even stated before the Court that an amount of $450.00 was what he considered a far settlement for his actions against

plaintiff. However the Court undermined this outrageous offer of settlement with an even lower and meaningless award of damages. Plaintiff strongly believes the decision is bias based on his status as a civilly committed sex offender.

Dated: August 2, 2010

Respectfully filed,

Joseph P. Schmitt, pro se
Plaintiff
30 Administration Road
Bridgewater, Massachusetts
02324-3230

CERTIFICATE OF SERVICE

Plaintiff hereby certifies that a copy of the above was served upon defaulted pro se defendant, Carlin Seward on or about August 2, 2010

Joseph P. Schmitt, pro se
Plaintiff

UNITED STATES DISTRICT COURT
District of Massachusetts

CIVIL ACTION NO. 2009-10816-RWZ

JOSEPH P. SCHMITT, PRO SE,
PLAINTIFF,
-vs-

CARLIN SEWARD, PRO SE,
DEFENDANT.

MOTION FOR COURT TO DEPOSE DEPARTMENT OF CORRECTION OFFICIALS VIA PHONE CONFERENCE
SO AS TO OBTAIN FACTS REGARDING CERTAIN UNCLEAR MATTERS

Now comes the pro se plaintiff and respectfully moves this court to hold a phone conference so as to depose, IPS Lt. David Brouillette, Deputy Superintendent Bernard Brady and Lt. Walter Benjamin regarding specific facts for which this Court has, with all due respect, refused to accept, which is seriously effecting the pro se plaintiff ability to obtain a proper and fair judgement on damages.

Pro se plaintiff proposes that the Court ask the following questions to IPS Lt David Brouillette.
1. On December 11, 2008 during "Staff Access Hour" did the plaintiff, Joseph P. Schmitt, present you with a signed affidavit by defendant Carlin Seward?  And did this affidavit indicate that the plaintiff did not steal food from the inmate kitchen for the purpose of selling it to said defendant?

2. Did you, David Brouillette, cause to have the pro se plaintiff, Joseph P. Schmitt, brought to the Treatment Center's segregation unit on December 11, 2008 after conducting an interview with defendant Carlin Seward? And is it not true that the plaintiff was brought to the segregation unit because it was alleged that he had threatened defendant Carlin Seward and was deemed by you, David Brouillette, to be interfering with an investigation regarding  said plaintiff stealing food from the inmate kitchen for the purpose of selling said food to the defendant, Carlin Seward.

3. Was the plaintiff charged with stealing food for himself or for stealing food and selling it to the defendant?

Pro se plaintiff proposes that the Court ask the following questions to Lt Walter Benjamin.
1. Did pro se plaintiff discuss with you the fact that he had psycho educational classes scheduled and wished to plead guilty simply to get out of segregation so he would not miss any of the classes?

2. Was OBR #08-707 which you served upon pro se plaintiff, Joseph P. Schmitt, on or about December 23, 2008 created and processed because said plaintiff admitted to taking food from the inmate kitchen for his personal consumption, or was the OBR in fact created and processed based on allegations that said plaintiff stole food from the inmate kitchen for the purpose of selling it to defendant Carlin Seward?

3. At the time that pro se plaintiff plead guilty to the OBR #08-707 and #080706, did he

inform you that he was in fact not guilty, that he plead guilty simply to get out of segregation, and that he would handle this matter via legal action if necessary?

4. Did the pro se plaintiff indicate that he was not concerned about such an OBR, because he would get it taken care of within the legal system, that he was more concerned about getting out of segregation so he could attend the psycho educational classes he had signed up for and which were due to start within days?

Pro se plaintiff proposes that the Court ask the following questions to Deputy Superintendent Bernard Brady.
1. Did pro se plaintiff openly admit to you that he, at times, took food stuff out of the inmate kitchen for his own consumption? And did you inform said plaintiff that this was not an issue that overly concerned you, but rather the issue was the allegations that said plaintiff was stealing food items from the inmate kitchen and selling them to defendant Carlin Seward and having Seward send large sums of funds out to a third party who would in turn forward them to said plaintiff?

2. Did plaintiff get fired from his inmate kitchen job because he was accused of selling defendant Carlin Seward food items and allegedly receiving funds for said stolen food items, or did plaintiff get fired because he openly and honestly admitted that he sometimes took a burger or two out of the inmate kitchen after work because he was hungry?

Pro se plaintiff respectfully states that this Court has denied him fair and just compensation for years loss of wages which are the direct result of defendant Sewards lies, not because said plaintiff took a few hamburgers out of the inmate kitchen when he was hungry. Such action as this, if detected is not subject to firing, but rather a verbal warning or at the very most a week suspension from work. More likely than not, the food is simply trashed and the resident is verbally chewed out by the kitchen officer (Cook).

Plaintiff is pro se and does not know how to litigate this type of case under the circumstances which were presented. In hindsight, he would have pushed for a jury trial or bench trial and called the named individuals above to prove that it was in fact allegations made by defendant Carlin Seward that created the long lasting damages suffered by the pro se plaintiff, which this Court, unbelievably so, refuses to give proper justice to said plaintiff for, but is rather making excuses for the faulty rulings that favor the defendant who is dead wrong in this case.

WHEREFORE, pro se plaintiff moves that this Court GRANT the above motion, or in the alternative, vacate all deffault rulings and allow this case to go to a bench trial so true justice may be served as guaranteed by law and the constitution.

Dated: August 31, 2010

Respectfully filed,

Joseph P. Schmitt, pro se.,
Plaintiff
Mass Treatment Center
30 Administration Road
Bridgewater, MA. 02324-3230