# United States Court of Appeals
## For the First Circuit

No. 10-2356

JOSEPH P. SCHMITT,

Plaintiff, Appellant,

v.

CARLIN SEWARD,

Defendant, Appellee,

ROBERT MURPHY, Superintendent, ET AL.,

Defendants.

Before

Torruella, Boudin and Lipez,
<u>Circuit Judges</u>.

JUDGMENT

Entered:  May 1, 2012

Plaintiff-appellant Joseph Schmitt, an inmate of a state treatment center for sexually dangerous persons, sued a fellow inmate, defendant-appellee Carlin Seward, for defamation.  The substance of Schmitt's claim was that Seward falsely accused Schmitt of selling Seward food that Schmitt stole from the institutional kitchen in which Schmitt worked, and that Seward also falsely accused Schmitt of making violent threats against him.  The alleged harms included Schmitt's loss of his kitchen job and his segregation from the general inmate population.  Seward defaulted in the district court and has not filed any brief in this appeal.  Schmitt's claims against certain institutional officials were voluntarily dismissed and are not a subject of this appeal.

After default entered against Seward, the district court turned its attention to the determination of damages.  It concluded that Schmitt could recover nothing for defamation concerning selling stolen food because "[g]iven that Schmitt admits to stealing and selling food from the kitchen, he has failed to demonstrate to a reasonable certainty that it was, instead, Seward's

allegation of theft and sales that caused harm to reputation, emotional distress and loss of his kitchen job." It also concluded that, for the defamation concerning violent threats, Schmitt could recover a total of one hundred ninety dollars for injury to reputation and emotional distress, but could recover nothing for the loss of his job because, in light of his admitted misconduct, he had "not demonstrated to a reasonable certainty that the loss of his kitchen job was the result of Seward's allegation of threats." (For like reasons, in response to a motion for reconsideration by Schmitt, the district court later stated that "plaintiff has failed to prove to a reasonable certainty that his time in segregation was the result of Seward's allegations.") Schmitt's arguments on appeal include challenges to the adverse findings on causation in the judgment.

Seward's default established a *prima facie* case in favor of Schmitt. Seward was liable for intentionally tortious acts, defamatory in nature, that were sufficient to cause harm to Schmitt in the institutional setting, but the district court concluded that Schmitt had failed to "establish with reasonable certainty" that Schmitt's confessions of misconduct to investigating officials did not predominate over Seward's tortious contribution towards those same harms. Schmitt objects that Seward initiated the whole series of events that led to Schmitt being penalized, and should be fully responsible for the harm that followed. When, as a factual matter, there are overlapping causes of harm, the legal analysis of causation can be difficult. The district court confronted a claim for harms that were traceable to a sequence of events, inside the institution, to which plaintiff and defendant separately contributed. Its approximation of the damages ascribable to Seward was a reasonable and conscientious fact-finding effort.

Schmitt also complains that he should have had more discovery to support his damages claim, but Seward was, by Schmitt's own account, deliberately unresponsive to the suit and, due to his circumstances, not readily amenable to the standard mechanisms of discovery enforcement, while the other defendants had been dismissed from the case voluntarily. As for Schmitt's claim of § 1983 liability against Seward, the complaint establishes nothing in the nature of the type of "joint action" that makes a private party liable as a state actor.

The judgment is **affirmed**.

By the Court:
/s/ Margaret Carter, Clerk.

cc:
Joseph Schmitt
Carlin Seward
Kristin Cole
Bradley Sultan